# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Edward M. Chen, Judge

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
    VS.                         )       **NO. CR 18-203 EMC**
                                )
Christopher Lischewski,         )
                                )
            Defendant.          )
_____)

San Francisco, California
Wednesday, January 9, 2019

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:          United States Department of Justice
                        Antitrust Division
                        450 Golden Gate Avenue
                        San Francisco, California  94102
                   **BY: MICAH L. RUBBO, ESQ.**

For Defendant:          Keker, Van Nest & Peters, LLP
                        633 Battery Street
                        San Francisco, Ca   94111
                   **BY: ELLIOT R. PETERS, ESQ.**
                        **NICHOLAS S. GOLDBERG, ESQ.**
                        **ELIZABETH K. MCCLOSKEY, ESQ.**


Reported By: Vicki Eastvold, RMR, CRR
             Official Reporter

<u>Wednesday - January 9, 2019</u>                    <u>10:38 a.m.</u>

### P R O C E E D I N G S

**THE CLERK:**  Calling Criminal Action 18-203, United States of America versus Christopher Lischewski.

Counsel, please approach the podium and state your appearances for the record.

**MS. RUBBO:**  Good morning, Your Honor.  Micah Rubbo on behalf of the United States.

**THE COURT:**  All right.  Thank you.  Good morning.

**MR. PETERS:**  Morning, Your Honor.  Happy new year. Elliot Peters and Nicholas Goldberg and Elizabeth McCloskey from Keker, Van Nest & Peters on behalf of Mr. Lischewski who is present and standing alongside of me.

**THE DEFENDANT:**  Good morning.

**THE COURT:**  Good morning, Mr. Lischewski.

So you've agreed on a schedule for motions *in limine* key to the pre-trial conference date of August 27.

**MS. RUBBO:**  That's right, Your Honor.

**THE COURT:**  And that's fine.  I guess the dispute right now concerns the disclosure deadlines for Rule 16 and local Rule 16-1 materials.  And apparently, perhaps it wasn't intended, maybe there was some miscommunication, but in any event there is currently a deadline of -- is it March --

**MS. RUBBO:**  6.

**THE COURT:**  -- 6.  And the government is suggesting

1    June?

2        **MS. RUBBO:**  Your Honor, our proposal in the status

3    report was July, actually.  July 9.

4        **THE COURT:**  July, actually.  Right.  July 9.  Well,

5    let me ask.  What is the volume of materials?  What are we

6    talking about here?  Is it more than expert tests or results?

7    Or what is it that we're -- that's at issue.

8        **MS. RUBBO:**  Sure.  So I think there's two separate

9    rules.  The Rule 16 under the federal rules, which from the

10   government's perspective is really just about the expert notice

11   as we have indicated before Your Honor at previous status.  We

12   are largely done producing Rule 16 discovery.  So with respect

13   to federal Rule 16, that's just about expert notices.  And

14   we're happy to have an early expert notice disclosure with the

15   expectation and request that the defense would also be required

16   to give their notice of an expert witness.

17       I think that one maybe is not the one that the --

18       **THE COURT:**  Just to clarify, what are you proposing?

19       **MS. RUBBO:**  We didn't make a proposal.  Well, in our

20   status we aligned those with the motions *in limine*.  We're

21   happy to do that earlier if that's something that is important

22   to the defendant.

23       I think the heart of the dispute between the parties,

24   though, is about the local Rule 16, which has four separate

25   disclosure requirements.  And, again, the first two disclosure

requirements under the local Rule 16(c) I don't think are at issue. The first one is the electronic surveillance. And we've actually already told the defendant, and are happy to do so again today now, that there is no evidence obtained through electronic surveillance. So that disclosure has been made.

With respect to the informants, again, we've produced already all of the plea agreements and immunity agreements for potential government witnesses. So that disclosure has also been met.

So the issue really is about 404(b) evidence and the co-conspirator notice. And both of those notices really do need to be tethered to the trial date. Those are designed to give the Court notice of the way the government intends to introduce its evidence so that it has enough information to rule on admissibility in advance of trial and thereby expedite trial and make it more efficient.

So the government's perspective is that -- you know, as Your Honor may recall, we set the pre-trial conference in this case very early. I think earlier than it might otherwise be to accommodate scheduling issues. And so we already have a starting point of a very early pre-trial conference. So the government's position is that those notices should be made closer to the pre-trial conference date, and is happy and has agreed to file them before the motions *in limine* which is something the defendant specifically said that he would like.

However, filing a notice that has -- especially the co-conspirator statement, that is in essence an exhibit list, in a case like this, a conspiracy -- a white-collar conspiracy case, really does need to be closer to the time of trial so that the government can identify its trial exhibits, narrow and edit its evidence so that it can provide more efficiently for -- try its case and not overburden the Court with a broad disclosure under those local rules.

**THE COURT:**  What is the volume of evidence that we're talking about?  Is there a great deal of co-conspirators?  Because I'd like to know that.  If I'm going to be confronted with 400 statements that I have to rule on, that may affect things.  Or --

**MS. RUBBO:**  I think, Your Honor, that's part of what the government needs to do.  Is actually identify those exhibits and narrow them and then think about what theories of admissibility we may have so that the Court then only has the narrow set of actual exhibits that we intend to introduce.

This is a conspiracy case, so there are a number of statements that could be introduced as co-conspirator statements.  But again, we want to be able to have the opportunity to develop that list.  And then again, like I said, edit it down so we're not having to --

**THE COURT:**  What prevents the government from working on that now?  I mean, you know your case.  You've already

1  disclosed who the potential informants are, et cetera, et

2  cetera.  Why would we need to wait until another six months to

3  --

4      **MS. RUBBO:**  Your Honor, because it is like an exhibit

5  list.  It is the government identifying, disclosing, and --

6  identifying and disclosing its exhibits.  And to do that eleven

7  months before trial, or even eight months before trial, is

8  really a burden on the -- would prejudice the government.  It

9  doesn't allow the government the opportunity to, for example,

10  have the benefit of the Court's rulings on the Rule 12(b)

11  motions or be able to fully have identified and prepared all

12  its witnesses.  The fact is that we are very far away from

13  trial and --

14      **THE COURT:**  What is an example of a motion that would

15  inform that needs to be decided before the government can make

16  its selections with respect to co-conspirator statements.

17      **MS. RUBBO:**  Your Honor, for example, at the last

18  status the defendant raised this idea of the portion of the

19  indictment being stricken that has to do with an agreement on

20  sustainable methods of catching fish -- which gets into the

21  details of this case -- but would affect the kinds of evidence

22  that we would be introducing and, therefore, would not need to

23  disclose --

24      **THE COURT:**  Do you have a schedule for --

25      **MS. RUBBO:**  Yes.  I think that is actually -- our

understanding is that our stipulated briefing schedule for Rule

12 formed the basis of the pre-trial order, the motions

deadlines in the pre-trial order, through some misunderstanding

about that stipulation.  But, yes, so those motions will be

heard.  Would be due on March 6 and heard in May.

**THE COURT:**  Heard in May.  Okay.  And that may affect

the scope of the case, is what you're saying; therefore, the

scope of your disclosures.

**MS. RUBBO:**  It could, yes, Your Honor.

**THE COURT:**  So if that's going to be heard in May, and

if it's decided around May, why can't the disclosures be made

shortly thereafter?

**MS. RUBBO:**  In our meetings with defense counsel

trying to come up with a stipulated schedule, we did propose an

early June.  I think from the government's perspective that

would be the absolute earliest that we would think it to be

appropriate for the co-conspirator --

**THE COURT:**  So that's where the June 4 date may have

come from?

**MS. RUBBO:**  Yes.

**THE COURT:**  All right.  So why do you need more than

June 4?  That's several months ahead of trial?

**MR. PETERS:**  When we were here in October, you may

recall we had argument about a bill of particulars.  And we

were concerned, and remained concerned, about kind of this game

of hide the ball and let's focus on what this case is about. This is an indictment which is very, very vague and short with a vast amount of discovery which we've been diligently going through. And Your Honor said at page 26 of that transcript: I do expect the government to sharpen its case and not play hide the ball.

And you were clearly referring to upcoming Rule 16 disclosures. Now, information about what informants they intend to call, evidence of other crimes or acts, if they're going to offer it or not, and co-conspirator statements and who they view the co-conspirators to be, and what statements they'll offer at trial as co-conspirator statements, is certainly something that they have been thinking about since they indicted this case last May. It's certainly something that Your Honor's going to need to rule on. And I don't see why we should wait until the summer and why they can't do that soon.

**THE COURT:** What about the argument that the Rule 12 may affect the scope?

**MR. PETERS:** That motion is about one small part of the case. It is -- and that's why we're going to say it's not a per se antitrust violation. This gear type thing. And that probably pertains to about 1 percent of the evidence. And the prosecutor knows it.

This case is primarily about allegations of agreements

about pricing.  Not about gear type in the tuna industry.  That is a footnote to this case.  So what we're really talking about is, are they going to continue to delay and more or less try to sandbag us until the last minute.

There's no reason why they can't identify for the Court's convenience, and so that we can raise it with Your Honor meaningfully in connection with these pre-trial proceedings.  We may need to do further investigation, we may need to file 17(c) subpoenas.  We may need to file *in limine* motions relating to any 404(b) evidence.

I haven't heard anything in our meet and confer, or here this morning, about why this can't be done.  It's certainly more convenient for the Court to have it front loaded.  It's fairer for the defendant to have it front loaded.  In essence, Your Honor told the prosecutors when you denied our motion for a bill of particulars:  I'm going to deny this motion for bill of particulars under the law, but we're going to have to get to it and focus on what the evidence is in this case.

And the explanation that our motion that this gear type allegation is not a per se violation of the antitrust laws is no explanation.  Because that pertains to about 1 percent of the evidence in this case.

So it's really a question of -- and I think Your Honor hit it on the head when you said:  Why can't this be done?

This case was indicted last May.  All of the evidence,

1   really, that matters I think is going to come in through

2   either -- in former testimony.  Executives who've made deals

3   with the government either to get immunity, or pleaded guilty.

4   And email communications which don't involve Mr. Lischewski but

5   the government is going to try to offer as co-conspirator

6   statements.  And there are like millions of documents.

7        So for them to identify that -- and they can have leave if

8   they come up with something later.  We're not trying to be

9   unreasonable.  But we are trying to focus on what this trial is

10  going to be about.  And I think Your Honor anticipated that by

11  now we would be ready to do that.

12       So we would respectfully ask for -- the March date in the

13  order makes good sense.  It allows us meaningfully to file *in*

14  *limine* motions.  It allows the Court to address these issues.

15  It allows us to follow up if we need to seek leave for Rule

16  17(c) subpoenas.  But what we've gotten thus far is a

17  three-page indictment and millions of pages of documents, which

18  we're going through.

19       Why shouldn't they tell Your Honor and us what this -- the

20  evidence in this case is going to be?  It's only fair.

21           **THE COURT:**  All right.  I throw the question back at

22  you.  What's the problem?  Other than it's a burden.  You're

23  going to have to do it at some point anyway, so it's a timing

24  question.  You have had the case under indictment.  You've

25  disclosed a lot.  In conjunction with the bill of particulars

1   motion you've laid out quite a bit.  So why not complete this

2   last piece so that to the extent it is voluminous -- I suspect

3   it may be -- we'll all have a chance to deal with it?

4          **MS. RUBBO:**  Your Honor, I think what the government is

5   trying to do is to address those concerns that the defendant

6   has raised and the Court is echoing.  That this may be a large

7   filing.  And that is why.  That is why we are, from our

8   perspective, proposing a very aggressive filing date of five

9   months before trial.

10      This is not -- this disclosure is not a discovery tool.

11  It is not even a disclosure of any real evidence.  What this is

12  --

13         **THE COURT:**  It's two months before the -- what you're

14  proposing is about two months before the pre-trial conference.

15  And I like to have everything done at the pre-trial conference.

16  And to the extent that there's going to be -- once you make

17  these disclosures and it entails additional discovery or

18  subpoenas and motions and things, that actually does compress

19  things.  Even though you say five months ahead of -- I look at

20  the pre-trial conference date as the critical date.  So that's

21  your measuring point.  August 27.  Right?

22         **MS. RUBBO:**  Right, Your Honor.  And it is -- it is two

23  and-a-half months before that date.  And, again, this is not

24  meant to be a discovery tool.  To the extent -- defendant does

25  not need a disclosure about how we intend to introduce evidence

in order to issue subpoenas.  That is not the purpose of this disclosure.  The purpose of this disclosure is to allow the Court the foundation for introducing it under the hearsay rule. That is it.

We're not providing any new evidence.  This is evidence that the defendant has in discovery.  And this is evidence that has been talked about in witness interviews and all of the -- and has been outlined in the letter we gave in response to the motion for bill of particulars.

This isn't some new information.  All it is is saying here are the documents and statements we intend to introduce under this specific rule.  To do that that far in advance of trial provides ample opportunity for the defendant to challenge the basis of that admission, which is the point of the rule, and for the Court to have the opportunity to review it in order to determine whether in fact it is admissible under that rule.

And it says as much in the local rule.  This is not meant to be, as I said, a discovery tool.  It's meant for sort of the efficient presentation of evidence.  And the government's idea in not providing it now really has to do with the fact that we would like to not overburden the Court with a broad disclosure, because we are 11 months before trial.

Even trying to do this over the summer, the point would be to edit our case, streamline our case, provide you with the -- only the exhibits we intend to introduce at trial.  There are a

1  number of exhibits that we would, out of an abundance of

2  caution, probably notice if we are going to have to do it in 8,

3  11 months before trial.

4      **MR. PETERS:**  Your Honor, that's not much of an

5  explanation.  Your Honor asked the government:  Why can't you

6  do this?  And what I just heard the prosecutor say is, Well, we

7  really don't want to.  We don't want to do it.

8      **THE COURT:**  Well, she's also saying under local rule

9  16-1 is intended as a trial expedition tool, not as a discovery

10  tool.

11      **MR. PETERS:**  Right.  But if they're going to be asking

12  Your Honor to make evidentiary rulings at the pre-trial

13  conference about the scope of co-conspirator statements and

14  what's properly admissible, to have the parties in a position

15  to digest that material and brief it meaningfully so that Your

16  Honor can make those rulings, we should have more time.

17      **THE COURT:**  All right.  I'm going to set a date.  I'm

18  going to set a date of April 12.  That's about four months in

19  advance of the pre-trial conference.  That ensures that we're

20  not going to get into a compressed situation.  Because I

21  suspect this is going to be a fairly voluminous set of

22  co-conspirator statements and we're going to have to go through

23  all those.

24      I've been through this before.  I need the time.  Because

25  sometimes -- who knows.  May even need an evidentiary hearing

1  to get through to determine whether something qualifies as a

2  co-conspirator statement or not.  These are not simple matters

3  that can just be resolved in determining whether something, for

4  instance, is hearsay or not.  This tends to be complicated.

5      And so I'm going to set it as April 12 to give the Court

6  enough time to adjudicate.  That also, coincidentally, gives

7  you a reasonable amount of time to prepare if you have to do

8  further investigations, et cetera, et cetera.  But I am going

9  to advance this more than the perhaps typical case, but not

10  quite as early as you want.

11      So April 12 is the date for all disclosures under criminal

12  local Rule 16-1.

13      And as far as the motions *in limine*, I'm going to go ahead

14  and set those dates as you have stipulated to.

15          **MR. PETERS:**  Great.  Thank you.

16          **THE COURT:**  So do we need to set a further status to

17  see where we're at?

18          **MS. RUBBO:**  Your Honor, just a couple more

19  housekeeping issues.

20          **THE COURT:**  Yes.

21          **MS. RUBBO:**  Will the April 12 date apply to the Rule

22  16 expert witness disclosures, then?

23          **THE COURT:**  Yeah, I don't see why not.

24          **MR. PETERS:**  And we're going to follow Federal Rule of

25  Criminal Procedure 16 in connection with that which says what

it says about expert disclosures.  And we'll follow it.  And we have followed it.

      **THE COURT:**  16 applies.

      **MS. RUBBO:**  Your Honor, what counsel is indicating here, but not saying, is that Rule 16 does not explicitly require the defendant to notice his experts.

      In this case, however, we have a reason to believe, based on conversations with counsel pre-indictment, that they do intend to call an expert.  And if that is the case, the government is asking for the same notice that it is required to give under Rule 16 and the opportunity to know in advance so that we can prepare our own motions *in limine* to exclude the evidence as irrelevant or to prepare, for example, a rebuttal witness.  For the same reasons defense has repeatedly argued before this Court.  This is a case that maybe requires a little bit of massaging of the normal practices.  And one of those, from the government's position, is whether or not the defendant should be required to notice an expert witness they intend to call.

      **MR. PETERS:**  Rule 16 addresses this directly.

      **THE COURT:**  Why doesn't Rule 16 (b)(1)(C) cover expert witnesses?

      **MR. PETERS:**  Rule 16 says that where a defendant requests disclosure from the government of experts, that the defendant has to provide the same disclosure.  And it provides

1   that if you don't make that request -- and we haven't -- we

2   don't have to provide that disclosure.  It's in Rule 16, the

3   part about experts.  There's -- turn the page, or look further

4   down, and there's a description of what it requires of a

5   defendant.  And it specifically says that the disclosure that

6   the government is asking for is required where the defendant

7   requests that from the government.

8        We have not done so and, therefore, we are not required

9   under the rules to make that disclosure.

10       **THE COURT:**  So you're not requesting disclosure of

11  expert witnesses?

12       **MR. PETERS:**  We have not requested that.

13       **THE COURT:**  Very well.  Then why are we ordering this?

14       **MR. PETERS:**  Beg your pardon?

15       **THE COURT:**  So in other words, the government is

16  voluntarily --

17       **MR. PETERS:**  They can do whatever they like.  But we

18  haven't requested disclosure of experts from the government.

19       **MS. RUBBO:**  Your Honor, the defendant has requested a

20  deadline for Rule 16 discovery, disclosures, and hasn't -- in

21  my mind hasn't clarified whether that excludes the expert

22  witness.  But regardless, the government does not intend to

23  call an expert witness in its case in chief.

24       **MR. PETERS:**  You say you do not.

25       **MS. RUBBO:**  We do not intend to call an expert witness

1    in this case in chief.  So from the government's perspective

2    this -- even if they request it, this rule won't be triggered

3    because we won't be noticing an expert.  But if the defendant

4    does intend to call one, we believe we're entitled to that

5    notice based on the complexity --

6        **THE COURT:**  The reciprocal obligation of the defendant

7    to disclose expert witnesses is conditioned upon their request.

8    It's a *quid pro quo*.  If they're not requesting it -- of course

9    we're already revealing -- they may not request it.

10   Technically, they don't have to under Rule 16.

11       **MS. RUBBO:**  That's right, Your Honor.  Technically,

12   they don't have to.  What the government is asking is what's

13   good for the goose is good for the gander.  We're asking you to

14   require the defendant to give the government some notice if

15   they intend to call an expert so that we're not dealing with it

16   on the eve of trial or midway through trial.

17       **THE COURT:**  I have power in terms of case

18   administration to order some deadlines and including disclosure

19   of witnesses.  However, it wouldn't be governed necessarily by

20   Rule 12.

21       **MS. RUBBO:**  That's what the government's asking, Your

22   Honor.

23       **THE COURT:**  So if, for the record, the defendant is

24   not asking for disclosures under Rule 12 of --

25       **MS. RUBBO:**  Rule 16.

1    **THE COURT:** -- rule 16 of expert witnesses by the

2    government, there is no current obligation on the part of the

3    defendant to respond.  And, therefore, the April 12 date will

4    apply only to those matters that are covered by Rule 16 and

5    local Rule 16-1.

6        Nonetheless, I can and will set a date for disclosure of

7    witnesses.  Often it's closer in time to the trial.  But for

8    expert witnesses I am likely to advance that so that there is

9    time to prepare.  So I'm not going to set the April 12 date,

10   but I will set a date and it will be in advance of the

11   pre-trial conference for disclosure of expert witnesses if

12   you're going to call expert witnesses.  And I'm inclined to set

13   something perhaps a month in advance of the August 27 pre-trial

14   conference.  As a matter of fact, I'll just set that now.

15   July 26.

16       All right.  Anything further?

17       **MS. RUBBO:**  Yes, Your Honor.  We also believe setting

18   a response date for the co-conspirator notice would be helpful

19   in assisting Your Honor in --

20       **THE COURT:**  I do want to tee it up.  That's the whole

21   point.  So once you get the co-conspirator list, statements,

22   exhibit which will be on April 12, how long will you need to

23   determine whether you're going to object?  Or what's your

24   response going to be?

25       **MR. PETERS:**  In terms -- I want to make sure I

1  understand what the Court is saying.  In terms of responding

2  telling the government we're not going to object to this but we

3  are going to object to this.  What our position is on the

4  admissibility of this evidence.

5       **THE COURT:**  Right.  Right.  Because I want to tee it

6  up because we're likely to have a hearing on that in advance.

7       **MR. PETERS:**  Depending on the volume, I would think we

8  would be able to do it by early June.

9       **MS. RUBBO:**  Your Honor, I think two weeks is more than

10  sufficient time to respond.

11       **THE COURT:**  I'll give four weeks.

12       **MR. PETERS:**  I have no idea how much it's going to be.

13  If we need more time we'll ask for it.  Four weeks is fine.

14  We'll certainly be very interested in receiving it and look at

15  it and stake out our positions.

16       **THE COURT:**  Four and-a-half weeks takes you to May 8.

17  So any response --

18       **MR. PETERS:**  I think that's three and-a-half, Your

19  Honor.  April 12 to --

20       **THE COURT:**  Okay.  May 15.

21       **MR. PETERS:**  Thank you.

22       **THE COURT:**  And then reply to that, response to the

23  response, would be the 22nd.  And then I'll hear the matter on

24  June 5.

25       Are we open, Angie?

1       THE CLERK:  Yes, Your Honor -- well, no.

2       (Off-the-record discussion with the deputy clerk.)

3       THE COURT:  Okay.  June 12, then?

4       THE CLERK:  Yes.

5       THE COURT:  All right.  June 12 will be the hearing on

6   any dispute with respect to the co-conspirator statement

7   admissibility questions.  And we may have to change that.  If

8   at some point I determine we may need an evidentiary hearing,

9   have to hear witnesses, I'll have to specially set that.  But

10  right now I'm going to go ahead and set a May 12 date at 2:30

11  for the hearing.

12      MS. RUBBO:  June 12?

13      THE COURT:  June.  Sorry.  June 12, yes.

14      MS. RUBBO:  Okay.  And just so I'm sure I understand.

15  With respect to 404(b) notice, the Rule 16(c)(1)(3), did we

16  make a deadline for that?

17      THE COURT:  Yeah.  I'm going to set that deadline for

18  all Rule 16-1 disclosures.

19      MS. RUBBO:  The only other item that the government

20  would like to address is just our request for reciprocal

21  discovery.

22      We've been making this request since I believe June and up

23  until -- of last year -- and up until this point we've really

24  received no response whatsoever until very recently when we

25  received a response that claimed that they didn't have to

provide reciprocal discovery unless we specifically identified
our trial exhibits and evidence.

That is not what the rule requires, so we would just like
to request formally that the defendant, if there's any
reciprocal discovery, that we receive it.

**THE COURT:** All right. Well, I've not seen a motion,
but maybe I should hear what the positions are.

**MR. PETERS:** I don't think that that is an accurate
statement of what we said. What we told them is that under
Rule 16 we don't have to identify, under Rule 16, or provide
them information about experts. We said we're not required to
-- they asked us, Are you planning to offer an advice of
counsel defense? We said, We don't have to tell you what our
defense theories are.

And we don't have discovery to give them that would be
Rule 16 discovery in terms of documents or materials or
anything like that. We don't. So --

**THE COURT:** You don't have documents that the
defendant intends to use in its case in chief at trial.

**MR. PETERS:** Not that aren't -- that haven't already
been produced to us by the government. I mean, they've
produced millions and millions of documents to us. So we don't
have some separate cache of evidence that we would produce to
them that they don't already have, no.

**MS. RUBBO:** The response we were looking for -- if

there's no Rule 16 disclosures.  That is what we're talking

about.  The evidence that the defendant intends --

     **THE COURT:**  Well, sounds like it hasn't been formally

memorialized.  Maybe you should so respond formally to the

government.

     **MR. PETERS:**  I think we have.

     **THE COURT:**  If you have, you have.  If you haven't,

you should.  So I'm not going to --

     **MR. PETERS:**  That's fine.  We have been exchanging

correspondence about the government's ongoing obligations to us

under *Brady* and *Giglio*.  I sent a letter to the prosecutors on

December 21.  They said in their status conference statement

that they're working on a response to it.

    There were an extraordinary number of attorney proffers in

this case and meetings with attorneys for witnesses and then

meetings with witnesses.  That's all really critical to our

defense.  And we've asked them to provide a bunch of

information relating to that, including -- that relate to the

plea negotiations and where they ended up with witnesses.

    And we may end up being back before Your Honor about that.

But I think it's premature right now, until we receive the

government's responsive letter, for us to try to tee that up

with Your Honor.  But I'm just telling you we may have to be

back here about that.

     **MS. RUBBO:**  We appreciate that, Your Honor.  We are in

1 the process of responding and also hope that we will not have

2 to be back here before Your Honor.

3     **THE COURT:** All right. I share that hope. So

4 otherwise, let's set it for the status date. Perhaps after the

5 April 12 disclosures.

6     **MR. PETERS:** That would make good sense, I think, Your

7 Honor. Sometime in April after the 12th. And we can inform

8 the Court where things stand and what the volume of the

9 disclosures were and just kind of where we are.

10     **THE CLERK:** April 17, Your Honor.

11     **THE COURT:** Okay. April 17.

12     **MR. PETERS:** Very significant date.

13     **THE COURT:** All right. Do we need to exclude time

14 formally at this point?

15     **MS. RUBBO:** Yes, Your Honor. We've excluded time to

16 trial, I believe. Regarding the --

17     **MR. PETERS:** Stipulate to the exclusion of time. No

18 problem.

19     **MS. RUBBO:** We do have a hearing date for the

20 co-conspirator notice. So do you feel we need to have this --

21     **THE COURT:** Yeah. Because at that point we may look

22 at it and say, well, maybe we need to do an evidentiary hearing

23 or do something else. So I think we should go ahead and do it

24 even though we have a --

25     **MS. RUBBO:** Since you've mentioned that a couple

1  times, Your Honor, is there anything in particular that you

2  believe would warrant -- a way that we can avoid --

3       THE COURT:  In prior cases, I mean, sometimes there's

4  a question about -- having to do with the person who's alleged

5  to be -- there's sometimes a dispute over whether somebody's a

6  co-conspirator and whether it was made in furtherance of the

7  co-conspiracy.  Sometimes there are some factual circumstances

8  that might surround that question.  I mean, I hope we don't --

9       MS. RUBBO:  From the government's perspective, at

10  least, Your Honor, we don't believe that kind of hearing would

11  be required.

12       THE COURT:  It's unusual.

13       MS. RUBBO:  Yeah.

14      MR. PETERS:  Your Honor, I mean, I don't know what

15  their disclosure is going to say.  But as we pointed out in

16  connection with the bill of particulars, we still think there

17  are going to be very significant issues about their allegation

18  and the requirement that they prove acts in furtherance of a

19  conspiracy in 2013, for statute of limitations reasons.  So

20  there may be some issues raised about in furtherance of.  And

21  that will also require the Court to confront what the scope of

22  the alleged conspiracy is, which we also talked about a little

23  bit in connection with the bill of particulars.

24       I mean, I don't know where this is going, but those issues

25  may arise in this case.  We'll just have to see.

1    **MS. RUBBO:**  Your Honor, I do think we have a hearing

2    date for the Rule 12 motions which I believe will address the

3    concerns over the statute of limitations.  So this would mean

4    we have an April, May -- two May hearing dates.  I just don't

5    know how often you want to hear from us, Your Honor.

6        **THE COURT:**  As often as necessary.

7        **MS. RUBBO:**  Okay.

8        **THE COURT:**  So let's just go ahead and keep this date

9    and we'll get a better fix what's going on at the April --

10       **MR. PETERS:**  We'll see you on my birthday on April 17.

11       **THE COURT:**  What a significant -- okay.  Exclusion of

12   time.  Again, we've already excluded, you said, through trial.

13       **MS. RUBBO:**  Through trial.

14       **MR. PETERS:**  I think you've excluded time through

15   trial.  But if you haven't, we stipulate to the exclusion of

16   time through the trial date.

17       **THE COURT:**  All right.  All right.  And the basis of

18   that is, in addition to the time needed for effective

19   preparation of defense, is this case one that can be designated

20   as complex?

21       **MS. RUBBO:**  Yes, Your Honor.  Due to the complexity of

22   the case and due to adequate preparation of counsel.

23       **THE COURT:**  No objection?

24       **MR. PETERS:**  No objection, Your Honor.  Did we set a

25   time on the 17th?  Is it on Your Honor's regular calendar?

1    **THE COURT:**  2:30.

2    **MR. PETERS:**  2:30 on the 17th.  Thank you.

3    **THE COURT:**  Just for the record, I'm excluding --

4  again, affirming -- the exclusion of time through the

5  commencement of trial in this case which is set in -- is it

6  November?

7    **MS. RUBBO:**  November 4.

8    **MR. PETERS:**  November 4, Your Honor.

9    **THE COURT:**  November 4 on the basis that time is

10  needed for effective preparation of defense and given the

11  complexity of the case, so designating the case as the parties

12  stipulated.  I find that the ends of justice outweighs the

13  public's and the defendant's interest in a speedy trial.  If

14  you could prepare a -- if you haven't already, we should make

15  sure we have a formal order.

16    **MS. RUBBO:**  There's a formal order all the way through

17  trial, but I will confirm that, Your Honor.

18    **THE COURT:**  All right.  Good.  Then we'll see you back

19  here on the 17th.  Your birthday.

20                              ---oOo---

21

22

23

24

25

## CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:   Wednesday, January 16, 2019

_____/s/Vicki Eastvold_____

Vicki Eastvold, RMR, CRR
U.S. Court Reporter