UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 2:20-cr-00115-JLB-MRM

WILLIAM N. HARWIN

### GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF BILLING PRACTICES

As part of its case in chief, the government will offer testimony from witnesses about the business practices of the Defendant and Florida Cancer Specialists & Research Institute, LLC ("FCS"), but does not intend to introduce evidence of improper billing practices by the Defendant during its direct examination of these witnesses. Their testimony is directly relevant to central issues in the case including the Defendant's relationship with Oncology Company A and the agreement to allocate medical oncology treatments and radiation oncology treatments for cancer patients. While testimony about improper billing practices may not be directly relevant to these issues, it is possible the Defendant could open the door to evidence of billing practices through his cross-examination of these witnesses or during his defense case or by offering good character or reputation evidence. Should he do so, the government should be permitted to introduce evidence related to the Defendant's billing practices during redirect examination or through rebuttal witnesses.

# ARGUMENT

The government does not intend to introduce evidence of the Defendant's improper billing practices through testimony of witnesses providing evidence about the Defendant's business practices relevant to Defendant's agreement to allocate medical oncology treatments and radiation oncology treatments for cancer patients. One such witness was fired from FCS during the course of the charged conspiracy as a result of drawing attention to FCS' billing improprieties. To aid the jury's understanding of this witness's relationship with the Defendant, the government may elicit testimony about the fact of the firing without eliciting certain details about the circumstances in order not to introduce potentially impermissible other "bad acts" evidence. Should the Defendant attempt to impeach the witness's testimony by suggesting bias toward the Defendant, that the witness is not competent to testify about the Defendant's business practices, or that the witness was fired from FCS for performance, character or other reasons unrelated to conflicts over billing practices, the government should be permitted to elicit testimony about the witness's confrontations and discussions with the Defendant about his billing practices. This testimony would directly relate to such impeachment and the nature of the witness's relationship with the Defendant. "The district court has broad discretion in admitting rebuttal evidence." *United States v. Hawkins*, 905 F.2d 1489, 1496 (11th Cir. 1990). Rebuttal evidence is testimony used "to explain, repel, counteract, or disprove the evidence of the Adverse party" such that "if the defendant opens the door to the line of testimony, he cannot successfully object to the prosecution 'accepting the

challenge and attempting to rebut the proposition asserted.'" *United States v. Delk*, 586 F.2d 513, 515–16 (5th Cir. 1978) (quoting *Luttrell v. United States*, 320 F.2d 462, 464 (5th Cir. 1963)). There is no error allowing evidence on rebuttal simply because it would have been impermissible to introduce that evidence during the government's case in chief. *Delk*, 586 F.2d at 519.

Rebuttal evidence about the Defendant's billing practices should be permitted even if it introduces evidence that arguably relates to other bad acts. "[I]nadmissible extrinsic evidence is admissible on redirect as rebuttal evidence, when defense counsel has opened the door to such evidence during cross-examination." *United States v. West*, 898 F.2d 1493, 1500 (11th Cir. 1990) (holding that defense counsel's suggestion during cross-examination that the defendant's plan to hire a hit man was meaningless opened the door during redirect for a witness to testify that he took the threat seriously and went into hiding). Such rebuttal evidence would also be relevant and probative as to the relationship that existed between the witness and the Defendant. *United States v. McCrimmon*, 362 F.3d 725, 730 n.2 (11th Cir. 2004) (affirming conviction relating to defendant's operation of a Ponzi scheme where trial court admitted evidence relating to defendant's prior involvement in a similar scheme to explain defendant's relationship with a coconspirator, as well as the "chain of events" that led to the formation of the Ponzi scheme charged in the indictment).

The government should also be permitted to introduce evidence of the Defendant's billing practices to rebut the Defendant's argument or evidence relating to his good character. The Defendant has on numerous occasions interjected his

irrelevant personal achievements or contributions to the community into this case. *E.g.*, Mot. to Dismiss Indictment for Failure to State Offense (ECF No. 29 at 1) (describing the Defendant as "a 67-year-old medical oncologist who has saved countless lives in Florida over the course of his distinguished career"); Mot. to Dismiss Based on Vagueness Doctrine and Rule of Lenity (ECF No. 51 at 8-9) ("Using Dr. Harwin as a guinea pig will needlessly and irreparably harm his otherwise impeccable reputation and will necessarily divert his attention from his life-saving work"); Mot. *In Lim.* to Exclude Evid. of Financial Circumstances (ECF No. 152) (noting that the Defendant "acted as a clinical fellow for the American Cancer Society" and "conducted numerous presentations, countless research studies and clinical trials, and has authored several publications relating to cancer treatment"). Consistent with these efforts, the government expects the Defendant to make similar efforts to bolster his purported good character before the jury at trial.

Those efforts may take the form of, for instance, evidence attempting to show that the Defendant is a charitable, upstanding citizen incapable of committing the charged offense. Indeed, "[h]e may [seek to] introduce affirmative testimony that the general estimate of his character is so favorable that the jury may infer that he would not be likely to commit the offense charged." *Michelson v. United States*, 335 U.S. 469, 476 (1948). However, doing so comes at a cost:

> The price a defendant must pay for attempting to prove his good name is to throw open the entire subject which the law has kept closed for his benefit and to make himself vulnerable where the law otherwise shields him. The prosecution may pursue the inquiry with contradictory witnesses to show that damaging rumors, whether or not well-grounded, were afloat—for it is not the

man that he is, but the name that he has which is put in issue.

*Id.* at 479.

Because evidence is excluded *in limine* "only if the evidence is clearly inadmissible for any purpose," *Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-T-17-MAP, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007), and other evidence of the Defendant's billing practices may become admissible in rebuttal, the government urges the Court to deny the Defendant's motion. Alternatively, should the Court grant the Defendant's motion, the government requests that the Court note the government will be permitted to admit evidence of billing practices in rebuttal should the Defendant open the door through a variety of actions only some of which the government has addressed here. It is entirely proper for the Court to note that such evidence will be permitted should the Defendant open the door to it through his cross-examination of government witnesses, by introducing evidence of the Defendant's character, or through his defense otherwise. *See Staller v. Circle K Stores Inc,* No. 8:19-CV-2089-JSS, 2021 WL 5015623, at *4 (M.D. Fla. Oct. 28, 2021) (ruling that certain evidence would not be introduced "unless Plaintiff opens the door to its admissibility at trial"); *Ogilvie v. Swank*, No. 2:14-CV-354-SPC, 2016 WL 1554407, at *2 (M.D. Fla. Apr. 18, 2016) (granting motion *in limine* to exclude evidence of prior arrest subject to reconsideration if defendant "open[ed] the door" to

the evidence at trial).

## CONCLUSION

The government does not intend to introduce evidence of the Defendant's improper billing practices during its case in chief. However, the government should be permitted to introduce this evidence if the Defendant opens the door through argument, cross-examination, or his defense otherwise.

Dated: February 11, 2022        Respectfully submitted,

/s/ Mark C. Grundvig
Mark C. Grundvig (DC Bar No. 461580)
F. Patrick Hallagan (IL Bar No. 06269887)
Emma M. Burnham (DC Bar No. 1012126)
Aidan D. McCarthy (MD Bar No. 2012170240)
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 11300
Washington D.C. 20530
Tel: (202) 305-1878
mark.grundvig@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that, on February 11, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have entered notices of appearance in this matter.

/s/ Mark C. Grundvig
Mark C. Grundvig (DC Bar No. 461580)
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 11300
Washington D.C. 20530
Tel: (202) 305-1878
mark.grundvig@usdoj.gov
