UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

          v.          CASE NO. 2:20-cr-00115-JLB-MRM

WILLIAM N. HARWIN

### GOVERNMENT'S PARTIAL OPPOSITION TO THE DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF HIS FINANCIAL CIRCUMSTANCES

The government opposes the Defendant's Motion *in Limine* to Exclude Evidence of Financial Circumstances (ECF No. 152) insofar as it moves to exclude relevant evidence of his compensation. As explained more thoroughly in the government's Motion *in Limine* to Admit Evidence of the Defendant's Compensation (ECF No. 154) and in summary here, that evidence is highly probative of the Defendant's motive to enter the charged conspiracy. The evidence shows the Defendant had a financial interest in his company's success and was thus motivated to participate in the conspiracy to increase his company's profit and, as a result, his own compensation. Evidence of the Defendant's compensation would not be unfairly prejudicial but, if necessary, can be cabined through limiting instructions. Thus, the Defendant's motion should be denied as it relates to evidence of his compensation.

The government does not intend to introduce other evidence of the Defendant's financial circumstances and does not oppose the motion as it relates to that evidence.

**ARGUMENT**

**I. Evidence of the Defendant's Compensation Is Relevant Because It Is Highly Probative of Motive**

Evidence of the Defendant's compensation will show that he stood to profit from the conspiracy. It is thus relevant to his motive to join it. *See, e.g.*, *United States v. Hill*, 643 F.3d 807, 843 (11th Cir. 2011) (motive "is always relevant in a criminal case, even if it is not an element of the crime"). This evidence is therefore admissible for that purpose.

The government anticipates that its witnesses will testify that the Defendant's compensation from his company, Florida Cancer Specialists & Research Institute, LLC ("FCS"), varied based on the company's profitability. The government intends to show that, by participating in the charged conspiracy, the Defendant sought to maintain or increase FCS's profitability and thus maintain or increase his own compensation.

Evidence of the Defendant's compensation is not only relevant, it is also admissible because it is "linked in time and circumstances with the charged crime." *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007). *United States v. Farha*[1] is instructive, as the Defendant's arguments mirror those *Farha* rejected. There, the

---

[1] No. 8:11-CR-115-T-30MAP (M.D. Fla. June 10, 2013).

defendants, executives of a publicly-held corporation, were charged with conspiring to defraud the United States.[2] The defendants argued that evidence of their compensation should be excluded because it had "no relevance to the charged offenses," nor relevance to motive because there was no need to trace their wealth from an unexplained source. Additionally, they argued the evidence would provoke class bias and confuse the jury.[3] The government responded that such evidence was relevant to motive because the fraud alleged "directly enriched the companies' bottom line" and there was "specific evidence [to] document how the defendants' salary and bonuses were connected to the financial performance of the company."[4] The trial court denied the defendants' motion.[5] On appeal after conviction, the Eleventh Circuit upheld the admission of the evidence, noting that the trial court "did not abuse its broad discretion in admitting this evidence," because it showed "that the defendants had an incentive to maximize [the company's] profits" and thus had a financial motive to enter the conspiracy. *United States v. Clay*, 832 F.3d 1259, 1314 (11th Cir. 2016).

The Defendant's arguments here should be similarly rejected. The government does not intend to offer evidence showing, for instance, that the Defendant possessed

---

[2] Indictment ¶ ¶ 7, *id.* (ECF No. 1 at 25-26).
[3] Defs.' Mot. *in Lim.* to Preclude the Government from Offering Evid. and Args. Related to Defs.' Personal Wealth, *id.* (ECF No. 292 at 5-6).
[4] United States' Resp. in Opp'n to Defs.' Mot. *in Lim.* to Preclude the Government from Offering Evid. and Args. Related to Defs.' Personal Wealth, *id.* (ECF No. 323 at 1, 12).
[5] Endorsed Order, *id.* (ECF No. 326).

millions of dollars, a collection of luxury vehicles, or a coastal Floridian mansion. Nor does the government contend that the Defendant obtained his riches by illicit means, necessitating an accounting of the source of that wealth. Rather, the government merely intends to offer evidence of the Defendant's compensation as an explanation for why he participated in the charged conspiracy. Because the Defendant's compensation varied with FCS's profitability, if he could make FCS more money by reducing the competition it faced (via the charged conspiracy), he would in turn also make more money. Evidence of the Defendant's compensation is inextricably linked, both temporally and causally, to the charged offense and should thus be admitted.

Both the amount of the Defendant's compensation and the methodology FCS used to calculate it are relevant. Just as the methodology is relevant to motive in that the Defendant could increase his pay by increasing FCS's profitability, the actual amount of the Defendant's compensation is relevant for the same reason. *United States v. Reyes*, 660 F.3d 454, 464 (9th Cir. 2011) (admitting "the amount of gain actually made by [the defendant], approximately $2 million … [as] probative evidence of [the defendant]'s motive, knowledge, and intent to participate" in criminal scheme). Additionally, the actual amount of the Defendant's compensation is relevant in showing the Defendant's "substantial monetary stake in [FCS's] continued operations," which could be protected by the lessened competition from the charged conspiracy. *See United States v. Schnabel*, 939 F.2d 197, 202 (4th Cir. 1991) (admitting a defendant's tax returns during period in which he committed

fraud); *United States v. Quattrone*, 441 F.3d 153, 187 (2d Cir. 2006) (admitting evidence of a defendant's "substantial salary" as "motive to protect his reputation and that of" his work group in participating in criminal scheme).

II. **Evidence of the Defendant's Compensation Would Not Be Unfairly Prejudicial**

Evidence of the Defendant's compensation would not be unfairly prejudicial because it is intertwined with issues in the case, including the Defendant's motive, rather than a naked "appeal to class bias." *United States v. Hope*, 608 F. App'x 831, 838 (11th Cir. 2015); *see also United States v. Bradley*, 644 F.3d 1213, 1271 (11th Cir. 2011) ("evidence of wealth or extravagant spending may be admissible when relevant to the issues in the case and where other evidence supports a finding of guilt"); *United States v. Nill*, 518 F.2d 793, 802 (5th Cir. 1975) (holding that a defendant's wealth is relevant if "directly connected to the offense for which he is standing trial").[6] Even if evidence of the Defendant's compensation were to introduce some prejudice, it would likely be duplicative of prejudice already present in trial, *see Bradley*, 644 F.3d at 1272, or could be dissipated via limiting instructions, *see Clay*, 832 F.3d at 1259; *United States v. Quattrone*, 441 F.3d 153, 187.

---

[6] The Eleventh Circuit was established on October 1, 1981 under the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981). Decisions of the former Fifth Circuit as that court existed on September 30, 1981 are binding precedent in the Eleventh Circuit. *Id.*

5

## CONCLUSION

For the foregoing reasons, the Court should deny the Defendant's motion to exclude as it relates to evidence of his compensation.

Dated: February 11, 2022      Respectfully submitted,

/s/ Aidan D. McCarthy
Aidan D. McCarthy (MD Bar No. 2012170240)
Emma M. Burnham (DC Bar No. 1012126)
Mark C. Grundvig (DC Bar No. 461580)
F. Patrick Hallagan (IL Bar No. 06269887)
Trial Attorneys
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW
Washington D.C. 20530
Tel: (202) 549-6183
aidan.mccarthy@usdoj.gov

# **CERTIFICATE OF SERVICE**

I hereby certify that, on February 11, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have entered notices of appearance in this matter.

/s/ Aidan D. McCarthy
Aidan D. McCarthy
MD Bar No. 2012170240
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW
Washington D.C. 20530
Tel: (202) 549-6183
aidan.mccarthy@usdoj.gov