UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 2:20-cr-115-VMC-KCD

WILLIAM N. HARWIN

_____/

**ORDER**

This cause is before the Court pursuant to the United States of America's Motion to Determine Whether Pretrial Review of Defendant's Expert is Warranted (Doc. # 206), filed on June 22, 2022. Defendant William N. Harwin responded on July 6, 2022. (Doc. # 211). For the reasons that follow, the Motion is denied.

**Discussion**

Dr. Harwin is charged with one count of conspiracy to restrain trade under section one of the Sherman Act. (Doc. # 1). On October 29, 2021, Judge John L. Badalamenti, who was assigned to the case at the time, denied the United States' motion for disclosure of any expert witnesses Dr. Harwin may call at trial. (Doc. # 128). Judge Badalamenti held that "in light of [Federal Rule of Criminal Procedure 16], [the Court]

1

lacks the discretion to order disclosure of the requested information. And even if it had such discretion at this point in the litigation, the United States has not shown that ordering disclosure is warranted here." (Id. at 2); see also United States v. Thompson, No. CR19-159-RSL, 2022 WL 841133, at *1 (W.D. Wash. Mar. 21, 2022) (explaining that, under Rule 16(b)(1)(C), "defendant is only required to make expert witness disclosures to the government . . . if defendant first requested such information from the government and the government complied with the request"). The Order concluded:

> [E]ven if the Court had the discretion to order Dr. Harwin to disclose the requested information this far in advance of trial, the United States has not shown that it is necessary at this stage to do so. . . . Although the United States raises concerns as to the timing of a potential Daubert challenge, . . . other courts have found that such issues are insufficient to warrant early disclosure. There are, after all, alternative "gatekeeping" methods to alleviate any practical concerns. See, e.g., United States v. Impastato, 535 F. Supp. 2d 732, 743 (E.D. La. 2008) (ordering "*in camera* submission from the Defendant of the identity and subject matter of any potential expert witnesses"). In summary, it is inappropriate, at least at this stage of litigation, to order Dr. Harwin to disclose information relating to any expert witnesses he may call at trial.

(Doc. # 128 at 6-7).

Now, relying on the Impastato case to which the Order referred, the United States "moves this Court to determine

2

whether pretrial review of Defendant's expected expert testimony under Federal Rule of Evidence 702 is warranted." (Doc. # 206 at 1).

In Impastato, the Court "failed to locate case law that discusses the propriety of ordering a pretrial hearing for the admissibility of defense expert testimony in a criminal case where the defendant has not invoked his right to expert witness discovery under Rule 16(a)(1)(G)." Impastato, 535 F. Supp. 2d at 742. Nevertheless, the Impastato court found "that it does have some discretion in this area" to "decid[e] how to evaluate expert testimony, but that these procedures must be crafted in a way that respects the fact that the Defendant has no obligation to present a defense until the Government has established its case." Id. at 742-43. Thus, that court "order[ed] *in camera* submission from the Defendant of the identity and subject matter of any potential expert witnesses." Id. at 743. It advised that, "[s]hould the Court find that the admissibility of such witnesses should be determined prior to trial, it shall order such hearings as are appropriate, as well as reciprocal discovery by the Government as well." Id.

Here, the United States believes that Dr. Harwin is likely to call an economic expert at trial and "that it will

3

be difficult and time consuming to qualify an economic expert in the middle of trial outside the presence of the jury" such that "this is better done prior to trial." (Doc. # 206 at 6). It asks this Court to either "order [Dr. Harwin] to file a motion to qualify its expert or hold a pretrial Daubert hearing," "with or without" requiring Dr. Harwin to "first submit an *in camera* proffer to determine whether additional pretrial qualification steps should be taken" as Impastato suggested. (Id.).

The Motion is denied. First, Impastato is a single out-of-circuit case that does not persuade this Court. The Court concludes — as Judge Badalamenti held before (Doc. # 128 at 2) — that it does not have authority under Daubert to require a pretrial disclosure of Dr. Harwin's expert witness through a motion to qualify the expert or a pretrial Daubert hearing. Daubert requires this Court to evaluate the admissibility of expert testimony before its admission. But there is no requirement that such evaluation take place before trial. Thus, the Court's gatekeeping function under Daubert does not justify effectively requiring Dr. Harwin to disclose his expert witnesses and their testimony before trial in contravention of Rule 16. See Thompson, 2022 WL 841133, at *2 (denying the government's request for a pretrial hearing

4

regarding the admissibility of defense expert testimony and explaining that the government is "constrained to the procedure of Fed. R. Crim. P. 16 to obtain (or not) the information it seeks pretrial, and the Court . . . lacks the authority to alter the procedure set forth in that rule"). Because there is no reason for the Court to review *in camera* a summary of Dr. Harwin's intended expert testimony besides to order some form of pretrial disclosure to the government, the Court will not order *in camera* review.

Furthermore, even if the Court had the discretion to order pretrial review of defense experts, it would not do so here. Indeed, the subsequent proceedings in Impastato hazard against the United States' request. A little over a week after it ordered *in camera* review, the Impastato court "determined that the nature of any proposed expert testimony is not of such nature as to require a pretrial Daubert hearing." United States v. Impastato, No. 05CR325, (Doc. # 165) (E.D. La. Feb. 7, 2008). That court "determined that the Government can adequately examine any proposed defense expert witness through voir dire and make objections to the testimony of any such witness without any undue interruption of the trial." Id. For that reason, the defendant was "under no obligation to disclose to the Government the identity or nature of any

5

proposed expert witness or testimony prior to trial." Id. Likewise, this Court believes that voir dire of any defense economic expert witness can take place during trial without unduly interrupting the proceedings, especially in light of the narrower market analysis relevant to a per se violation theory.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

The United States of America's Motion to Determine Whether Pretrial Review of Defendant's Expert is Warranted (Doc. # 206) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of July, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE