UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 2:20-cr-00115-VMC-MRM

WILLIAM N. HARWIN

**GOVERNMENT'S MOTION TO EXCLUDE CERTAIN REFERENCES AND GRAPHICS DURING CLOSING ARGUMENT**

Mark C. Grundvig
F. Patrick Hallagan
Eun-Ha Kim
Aidan D. McCarthy
William J. Vigen
    Attorneys, Antitrust Division
    U.S. Department of Justice

The Government respectfully moves this Court for an order precluding the Defendant from presenting certain arguments and graphics during closing argument. "Argument to the jury must be based solely on the evidence admitted at trial," *United States v. Epps*, 613 F.3d 1093, 1100 (11th Cir. 2010). As such, the Government seeks preclusion of (1) references to individuals in the gallery of the courtroom; (2) references to orders of the Court; and (3) graphics visualizing or quantifying burdens of proof. Such arguments and graphics have no basis in evidence admitted at trial and are irrelevant, unfairly prejudicial, or both.

I.   **References to Individuals in the Gallery of the Courtroom**

Disruptions from individuals in the gallery have, at times, posed a problem in maintaining the integrity and fairness of the trial in this case. And, in turn, the Defendant himself, on the stand, made an inappropriate reference to a patient in the gallery of the courtroom. In line with these disruptions and references, the Government believes in good faith that the Defendant's counsel may make references to individuals in the gallery, likely former patients of the Defendant, during closing argument. In fact, Mr. Markus did so in the opening statements of a recent trial in Denver. *See* Associated Press, *Dentist Admitted to Killing Wife on African Safari, Federal Prosecutor Says*, NBC News (July 14, 2022), www.nbcnews.com/news/us-news/dentist-confessed-killing-wife-african-safari-federal-prosecutor-says-rcna38178 ("[David] Markus had the couple's grown children stand in court to affirm to jurors they were there to support their father [the

Defendant], who along with Milliron paid close attention to the opening statements.").

The identity of individuals in the gallery of the courtroom have no relevance to this case and references to them serve only to invite jury nullification, which the Court has a "duty to forestall or prevent." *Merced v. McGrath*, 426 F.3d 1076, 1080 (9th Cir. 2005). Even if such references had any relevance, it would be substantially outweighed by unfair prejudice to the Government in that they risk evoking a purely emotional response from the jury and should be excluded under Rule 403. Because these references either have no relevance to this case or are unfairly prejudicial, the Government requests that the Court order the Defendant's counsel that they are not to make any references, implicit or explicit, to individuals in the gallery of the courtroom during closing argument.

## II. References to Orders of the Court

As the Court instructed the jury, the statements, arguments, questions, and objections of the lawyers in this case are not evidence. Eleventh Circuit Pattern Jury Instructions, Criminal Cases, Instruction No. P1 (last revised March 2022). Similarly, the Court's rulings related to those statements, arguments, questions, and objections, especially those made outside the presence of the jury, are not evidence and references to them during closing argument are also improper.

At times during this trial, the Defendant's counsel has made remarks appearing to reference the Court's rulings, including rulings made outside the presence of the jury. Those references, and any commentary offered on the Court's

rulings, do nothing but encourage the jury to speculate as to why the Court ruled the way that it did. It encourages the jury, for instance, to speculate as to what evidence was not admitted and why. As such, the Government requests that the Court order the Defendant's counsel that they are not to make references to the Court's rulings during closing argument.

**III.    Graphics Visualizing or Quantifying Burdens of Proof**

In some of the Antitrust Division's recent cases, defense counsel has displayed an inaccurate and confusing chart that claims to define beyond a reasonable doubt. An example of this type of chart is attached as Exhibit A. The chart shows burden of proof as a range with fourteen levels that are split between "not guilty" and "guilty." The "not guilty" section contains a gradient of thirteen categories from "proven not guilty" in white at the bottom, "may not be" in light blue in the middle, to "guilt highly likely" in blue at the top. Above the "not guilty" range is only one "guilty" category in bright red labeled "guilty beyond a reasonable doubt." Defense counsel have also displayed graphics attempting to explain the burden with a scale. The Government moves for an order precluding the Defendant from displaying graphics visualizing or quantifying burdens of proof because they would (1) misstate legal standards and/or (2) risk confusing the jury.

The reasonable doubt standard "is an ancient and honored aspect of our criminal justice system, [but] it defies easy explication." *Victor v. Nebraska*, 511 U.S. 1, 5 (1994). Due process requires that the Government prove "every element of the offense beyond a reasonable doubt though not to a mathematical certainty." *Holland*

*v. United States*, 348 U.S. 121, 138 (1954). However, the Constitution neither prevents nor requires the Court to define the standard. *Victor*, 511 U.S. at 5. If the Court does define the standard, the definition must "correctly conve[y] the concept of reasonable doubt to the jury." *Id.* (quoting *Holland*, 348 U.S. at 140).

> The Eleventh Circuit's Pattern Jury Instructions define reasonable doubt as:
>
> The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all *possible* doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.
>
> A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.
>
> "Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

Eleventh Circuit Pattern Jury Instructions, Criminal Cases, Instruction No. B3 (last revised March 2022) (emphasis in original). These instructions do not indicate that the Government must meet a burden of proof that is absolute, free of all doubt, or, for instance, more than "guilt highly likely," as Exhibit A indicates.

Defense counsel may, in closing argument, apply the Court's "accepted definition of reasonable doubt to the facts of the case." *United States v. Williams*, 526 F.3d 1312, 1320 (11th Cir. 2008). However, "counsel cannot argue 'incorrect or inapplicable theories of law.'" *Id.* (quoting *United States v. Valdes-Guerra,* 758 F.2d 1411, 1416 (11th Cir.1985)).

Exhibit A, and charts like it, do not just apply the accepted definition of reasonable doubt, as *Williams* requires. 526 F.3d at 1320. Rather, the chart, and similar graphics, seek to or have the effect of redefining the standard by, for instance, arguing what is *not* reasonable doubt and creating hurdles the Government must clear that are not enumerated in this circuit's pattern instructions. Moreover, charts like these tend to shade the one "guilty" category in bright red to suggest that no burden of proof is higher than beyond a reasonable doubt. Exhibit A, and graphics like it, mislead the jury to, for instance, believe the Government is required to exclude all possible doubt, contrary to this circuit's pattern instructions. Attempts to visualize or in any way quantify the beyond a reasonable doubt standard inevitably raise the risk of instructing the jury on incorrect law and have generally been disapproved of by courts around the country. *E.g.*, *United States v. Pungitore*, 910 F.2d 1084, 1145 (3d Cir. 1990) (finding that use of a scale in closing argument "was a blatant attempt to quantify reasonable doubt, a practice which has met with strong disapproval in federal courts"); *United States v. Anglada*, 524 F.2d 296, 300 (2d Cir. 1975) (finding that "characterization of the [beyond a reasonable doubt] standard as quantitative rather than qualitative both might better have been omitted"); *Reed v. Roe,* 100 F.3d 964 (9th Cir. 1996) (finding error in court's description of "reasonable doubt by reference to a numerical scale").

Even if such a chart presents the correct legal standard, it should still be excluded under Federal Rule of Evidence 403.[1] The Supreme Court has acknowledged that "[a]ttempts to explain the term 'reasonable doubt' do not usually result in making it any clearer to the minds of the jury," *Holland* 348 U.S. at 140 (quoting *Miles v. United States*, 103 U.S. 304, 312 (1880)), and may put a "dangerous embroidery" on the standard. *United States v. Zimeri-Safie*, 585 F.2d 1318, 1322 (5th Cir. 1978).

Any attempt to visualize or quantify the beyond a reasonable doubt standard should be precluded because it will either instruct the jury on an incorrect legal

---

[1] Although such charts are not substantive evidence, "[d]emonstrative evidence is subject to Federal Rule of Evidence 403." *United States v. Spoerke*, 568 F.3d 1236, 1250 (11th Cir. 2009). Furthermore, other trial courts have used Rule 403 to prevent similar charts from being shown to the jury. *See, e.g.*, *United States v. McDade*, No. CRIM. A. 92-249, 1996 WL 432490, at *2 (E.D. Pa. July 26, 1996) ("Although . . . this chart has not been moved into evidence, since it is sought to be displayed to the jury, advertence to Federal Rule of Evidence 403 seems appropriate"); *United States v. Millegan*, No. 3:19-CR-00528-IM, 2022 WL 1719031, at *1 (D. Or. May 27, 2022) ("The proposed demonstrative risks misleading and confusing the jury").

Exactly the type of chart contemplated by the Government here, and attached as Exhibit A, was excluded after being displayed in closing argument by the defendants in another *per se* criminal Sherman Act case in Denver. *See* Trial Transcript at 2762:7-2766:3, *United States v. Penn*, No. 20-CR-00152-PAB (D. Co. July 5, 2022):

> THE COURT: I am going to sustain the objection. The problem with this particular exhibit is by virtue of exclusion, it really – it does provide a definition because it defines by virtue of saying what it isn't and then it lists a lot of different things that – different terms that allegedly do not constitute proof beyond a reasonable doubt. The Court has got an instruction on that. I do believe that this crosses the line, so I will sustain the objection as to this, but I won't provide a curative instruction other than to sustain the objection.

6

standard or risk misleading or confusing the jury. Instead, only the Court's instructions should guide the jury's consideration of the evidence.

Dated: September 19, 2022     Respectfully submitted,

                                                       /s/ *Aidan D. McCarthy*
Aidan D. McCarthy (MD Bar No. 2012170240)
Mark C. Grundvig (DC Bar No. 461580)
F. Patrick Hallagan (IL Bar No. 06269887)
Eun-Ha Kim (NY Bar No. 4589651)
William J. Vigen (DC Bar No. 997316)
Trial Attorneys
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW
Washington D.C. 20530
Tel: (202) 549-6183
aidan.mccarthy@usdoj.gov

7