UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

                                CASE NO. 2:20-cr-115-VMC-KCD

        v.

WILLIAM N. HARWIN

## COURT'S INSTRUCTIONS
## TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

## JURY INSTRUCTION NO. 1

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The Indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

JURY INSTRUCTION NO. 2

The Government's burden of proof is heavy, but it doesn't have to prove Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

## JURY INSTRUCTION NO. 3

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

JURY INSTRUCTION NO. 4

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

## JURY INSTRUCTION NO. 5

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

## JURY INSTRUCTION NO. 6

There may also be evidence tending to show that a witness has a bad reputation for truthfulness in the community where the witness resides, or has recently resided; or that others have a bad opinion about the witness's truthfulness.

You may consider reputation and community opinion in deciding whether to believe or disbelieve a witness.

JURY INSTRUCTION NO. 7

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

## JURY INSTRUCTION NO. 8

You must consider some witnesses' testimony with more caution than others.

For example, paid informants, witnesses who have been promised immunity from prosecution, or witnesses who hope to gain more favorable treatment in their own cases, may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

JURY INSTRUCTION NO. 9

Evidence of a defendant's character traits may create a reasonable doubt.

You should consider testimony that a defendant is an honest and law-abiding citizen along with all the other evidence to decide whether the Government has proved beyond a reasonable doubt that the Defendant committed the offense.

JURY INSTRUCTION NO. 10

Some charts or summaries have been admitted into evidence and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, or other documents, some of which are also in evidence in the case. You may consider the charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.

JURY INSTRUCTION NO. 11

The Indictment charges one crime, called a "count," against the Defendant. You will be given a copy of the Indictment to refer to during your deliberations.

The Indictment charges that the Defendant knowingly conspired to suppress and eliminate competition by agreeing to allocate medical oncology treatments for cancer patients to Florida Cancer Specialists and radiation oncology treatments for cancer patients to 21st Century Oncology in Southwest Florida, in violation of Section 1 of the Sherman Antitrust Act.

Section 1 of the Sherman Antitrust Act outlaws every "conspiracy, in restraint of trade or commerce among the several States or with Foreign nations," which includes a conspiracy to allocate services. The purpose of the Sherman Antitrust Act is to preserve and encourage free and unfettered competition in the marketplace by preventing unreasonable restraint of any business or industry.

I will also give you specific instructions on conspiracy.

JURY INSTRUCTION NO. 12

You will notice that the Indictment charges that the Defendant conspired with certain persons and companies that are not now on trial. It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged. The fact that another person also may be guilty is no defense to a criminal charge.

JURY INSTRUCTION NO. 13

Before you can find the Defendant guilty of committing the crime charged in the Indictment, you must find by a preponderance of the evidence that, between 1999 and September 2016, the conspiratorial agreement or some act in furtherance of the conspiracy occurred in the Middle District of Florida. This district includes Lee, Charlotte, and Collier Counties.

To prove something by a preponderance of the evidence is to prove it is more likely true than not true. This is a lesser standard than "beyond a reasonable doubt." The preponderance of the evidence standard applies only to the finding of venue. Each of the elements of the offense must be proven beyond a reasonable doubt.

JURY INSTRUCTION NO. 14

In order to establish the offense of conspiracy to allocate, the Government must prove each of these elements beyond a reasonable doubt:

(1) The charged conspiracy to allocate medical oncology treatments for cancer patients to Florida Cancer Specialists and radiation oncology treatments for cancer patients to 21st Century Oncology in Southwest Florida existed at or about the time alleged;

(2) The Defendant knowingly joined the conspiracy, and;

(3) The conspiracy occurred in the flow of or affected interstate trade or commerce.

If you find from your consideration of all the evidence that the Government has proven each of these elements beyond a reasonable doubt, then you must find the Defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the Government has failed to prove any of these elements beyond a reasonable doubt, then you must find the Defendant not guilty.

JURY INSTRUCTION NO. 15

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member. A person who knowingly joins an existing conspiracy, or participates in part of the conspiracy with knowledge of the overall conspiracy, is just as responsible as if he had been one of the originators of the conspiracy or had participated in every part of it. Likewise, a person who knowingly directs another to implement the details of the conspiracy is just as responsible as if he participated in every part of it, including its origin.

The Government does not have to prove that all the people named in the Indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities all of the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and knowingly joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty.

16

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. Also, a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

Direct proof of a conspiracy may not be available. A conspiracy may, however, be disclosed by the circumstances or by the acts of the members. Therefore, you may infer the existence of a conspiracy from what you find the parties actually did, as well as from the words they used. Mere similarity of conduct among various persons, however, or the fact that they may have associated with one another and may have met or assembled together and discussed common aims and interest, does not necessarily establish the existence of a conspiracy. If actions were taken independently by them, solely as a matter of individual business judgment or other independent reasons, without any agreement or mutual understanding among them, then there would be no conspiracy.

A conspiracy may vary in its membership from time to time. It may be formed without all parties coming to an agreement at the same time, knowing all the details of the agreement, or knowing who all the other members are. It is not essential that all members acted exactly alike or agreed to play any particular part in carrying out the agreement.

In determining whether a conspiracy has been proved, you must view the evidence as a whole and not piecemeal. You should consider the actions and

17

statements of all the alleged conspirators. The conspiracy may be inferred from all the circumstances and the actions and statements of the participants. Acts that are by themselves wholly innocent acts may be part of the acts that make up a conspiracy to restrain trade in violation of the Sherman Antitrust Act.

The evidence does not have to establish that the Defendant agreed to all the means or methods of the conspiracy as set forth in the Indictment or that such means and methods were actually used. Nor does the evidence have to show that all the persons alleged to have been members of the conspiracy actually were members. What the evidence must show is that the conspiracy charged existed at or about the time stated in the Indictment, and that the Defendant knowingly became a member of the conspiracy. The success or failure of the conspiracy to accomplish or achieve any object or purpose of the conspiracy is also immaterial. The agreement or mutual understanding itself is the crime, even if it is never carried out. A conspiracy ends only when its purposes and objectives have been accomplished or all the parties to the conspiracy abandon or terminate it.

## JURY INSTRUCTION NO. 16

Proof of several separate conspiracies isn't proof of the single, overall conspiracy charged in the indictment unless one of the several conspiracies proved is the single overall conspiracy.

You must decide whether the single overall conspiracy charged—a conspiracy to allocate or divide up radiation oncology and medical oncology services in the alleged geographical market—existed between two or more conspirators. If not, then you must find the Defendant not guilty of that charge.

But if you decide that a single overall conspiracy did exist, then you must decide who the conspirators were. And if you decide that the Defendant was a member of some other conspiracy – not the one charged – then you must find him not guilty.

So to find the Defendant guilty, you must all agree that he was a member of the conspiracy charged – not a member of some other separate conspiracy.

JURY INSTRUCTION NO. 17

The first element the Government must prove is the existence of a conspiracy between actual or potential competitors to allocate medical oncology treatments for cancer patients to Florida Cancer Specialists and radiation oncology treatments for cancer patients to 21st Century Oncology in Southwest Florida. For purposes of determining whether such a conspiracy exists, no distinction is made between actual competitors (i.e., those currently competing in the same market) and potential competitors. A conspiracy to allocate treatments is an agreement or understanding between actual or potential competitors not to compete in offering certain treatments.

Such agreements are illegal regardless of whether the actual or potential competitors allocate treatments previously offered by both or whether they merely reserve one treatment for one and another for the other and never competed in offering the same treatment.

You need not be concerned with whether the conspiracy was reasonable or unreasonable, the justifications for the conspiracy, or the harm, if any, done by it. It is not a defense and not relevant that the parties may have acted with good motives, had a business justification for the agreement, or have thought that what they were doing was legal, or that the conspiracy may have had some good results. If there was, in fact, a conspiracy to allocate cancer treatments as charged, it was illegal.

A company, however, has the right to independently determine what treatments it offers. Therefore, an oncology provider may make an independent business decision not to offer radiation or medical oncology treatments. However, the Sherman Antitrust Act makes illegal an agreement or understanding with an actual or potential competitor not to offer a treatment or treatments. Such agreements are illegal even if an actual or potential competitor did not have prior experience dealing with a treatment or did not find offering it was financially viable.

The first element is not met by the mere fact that competitors exchanged information, even regarding services that each would provide. Without more, this does not establish the existence of an agreement to allocate a market.

If the charged conspiracy is proved, it is no defense that the conspirators did not conspire to eliminate all competition. Similarly, the conspiracy is unlawful even if it did not extend to all treatments provided by the conspirators, did not extend to all areas where the conspirators provided those treatments, or did not affect all of their patients.

## JURY INSTRUCTION NO. 18

A conspiracy requires an agreement between at least two separate parties. A corporation cannot conspire with its own officers or employees. Nor can a corporation's employees conspire among themselves. This is because a corporation, its officers, and employees are so closely related that they are deemed to share a common purpose and are considered by the law to be one actor. And a single actor cannot violate this part of the Sherman Act.

This means that in order to find the government has met the first element and established the existence of a conspiracy, you must find that FCS or individuals from FCS reached an illegal agreement or understanding with 21C or employees of 21C to allocate radiation oncology and medical oncology services in the alleged geographic market. If you find that there was an agreement or understanding to allocate the market in the alleged geographic market but that the only parties to that agreement or understanding were FCS and employees of FCS, you must find the Defendant not guilty. Similarly, if you find that there was an agreement or understanding to allocate the market in the alleged geographic market but that the only parties to that agreement or understanding were 21C and employees of 21C, you must find the Defendant not guilty.

JURY INSTRUCTION NO. 19

The second element the Government must prove is the Defendant knowingly joined the conspiracy charged in the Indictment. To act "knowingly" means to act voluntarily and intentionally, and not because of a mistake, accident, or other innocent reason. Therefore, before you may convict the Defendant, the evidence must establish that the Defendant joined the conspiracy to allocate treatments with the intent to aid or advance the object or purpose of the conspiracy. Since, as I have already instructed you, a conspiracy to allocate treatments is itself an unlawful restraint of trade and illegal, the Government does not have to prove that the Defendant specifically intended to restrain trade or produce anticompetitive effects.

If you find that the Defendant joined the conspiracy, then the Defendant is presumed to remain a member of the conspiracy and is responsible for all actions taken in furtherance of the conspiracy until the conspiracy has been completed or abandoned or until the Defendant has withdrawn from the conspiracy.

JURY INSTRUCTION NO. 20

It is not necessary for the Government to prove that the Defendant knew that an agreement to allocate treatments, as charged in the Indictment, was a violation of the law. Thus, if you find beyond a reasonable doubt from the evidence in the case that the Defendant knowingly joined a conspiracy to allocate treatments, as charged, then the fact that the Defendant believed in good faith that what he was doing was not unlawful is not a defense.

JURY INSTRUCTION NO. 21

The third element the Government must prove is that the conspiracy occurred in the flow of or affected interstate trade or commerce.

The term "interstate commerce" includes transactions in which products, services, people, property, salaries, or funds cross state lines. If the conduct charged in the Indictment involves transactions that are in the flow of interstate commerce, the interstate-commerce element is satisfied and the size of any such transaction is of no significance.

If the conspiracy charged in the Indictment did not occur in the flow of interstate commerce, it still may satisfy the interstate-commerce element if the Defendant's or a conspirator's business activities had (or had the potential to have) a substantial effect on interstate commerce. Even where the activities were wholly local in nature, you may nevertheless find that the conspiracy substantially affected interstate commerce. A conspirator's purchase of a not insignificant amount of material from out of state or receipt of a not insignificant amount of payments from out of state related to the business activities at issue can constitute a substantial effect on interstate commerce. The government's proof need not quantify or value any impact of the charged conspiracy or show that the charged conspiracy had any anticompetitive effect.

The interstate-commerce element is satisfied with proof of interstate commerce as to the Defendant or any conspirator.

25

JURY INSTRUCTION NO. 22

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

JURY INSTRUCTION NO. 23

The Indictment charges that the alleged conspiracy began at least as early as 1999 and continued until at least September 2016. The grand jury returned its Indictment of the Defendant on September 23, 2020. There is a five-year statute of limitations which applies to the conspiracy offense charged in Count One. This means that the Defendant cannot be found guilty unless you find beyond a reasonable doubt that the conspiracy existed on or after September 23, 2015. You may consider evidence of a Defendant's conduct prior to this date, insofar as it tends to prove or disprove the existence of the conspiracy and the Defendant's acts after that date.

JURY INSTRUCTION NO. 24

It is the Defendant's theory of defense that he did not knowingly enter into an agreement or mutual understanding with Dr. Dosoretz, or anyone else at 21C, not to compete with each other or to allocate oncology treatments in Southwest Florida. To the contrary, the Defendant's position is that he did not open a radiation therapy center or otherwise offer radiation oncology services in Southwest Florida for independent business reasons, patient reasons, and personal reasons—including that FCS would likely lose money if it tried to compete in radiation therapy, that it would lose referrals from 21C, that it would be bad for patient care because FCS would not be able to provide radiation therapy of the caliber being offered by 21C and there would be an incentive for FCS doctors to refer in-house instead of referring to the better doctors at 21C, and because of his close friendship with Dr. Dosoretz.

It is the Defendant's position that, although Dr. Dosoretz may have believed there was a mutual understanding, the Defendant did not share that belief. The Defendant likewise does not contest that other people may have believed that there was an agreement or mutual understanding between FCS and 21C; but he maintains that simply because others may have believed that there was such an agreement does not mean that such an agreement was in place or that the Defendant shared in that belief. Further, it is the Defendant's position that the two companies were not actual or potential competitors.

## JURY INSTRUCTION NO. 25

I caution you that the Defendant is on trial <u>only</u> for the specific crime charged in the Indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of that specific crime.

You must never consider punishment in any way to decide whether the Defendant is guilty or not guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

## JURY INSTRUCTION NO. 26

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## JURY INSTRUCTION NO. 27

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

JURY INSTRUCTION NO. 28

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.